APPEAL OF OTTO HUBER BREWERY CO.

Docket No. 2608.   Submitted July 3, 1925.   Decided November 6, 1925.

Method of computing inventory cost of beer determined.

*Joseph J. Reiber, Esq.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of deficiencies in income and profits taxes for the years 1918 and 1919 in the aggregate amount of $26,929.36, which, by reason of overassessments for the years 1914, 1915, and 1916, was reduced to a net deficiency of $26,244.58.

The taxpayer withdrew, by stipulation, all questions presented by the petition, except the single question of the December 31, 1917, inventory cost of lager beer then on hand. That question was submitted upon agreed facts embodied in the stipulation and documentary evidence.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of New York and, in 1917, 1918, and 1919, was engaged in the brewing business.

The total gross amount of beer manufactured by the taxpayer during the year 1917 amounted to 90,980 barrels.

The amount of beer lost by the taxpayer from the gross amount manufactured by it during the year 1917 amounted to 4,569 $\frac{12}{24}$ barrels, consisting of 3,575 $\frac{12}{24}$ barrels lost by leakage, wastage, etc., and 994 barrels consumed on the premises of the taxpayer but not sold.

The total cost of production of beer manufactured by the taxpayer during 1917 amounted to $323,193.50.

The inventory of the taxpayer on December 31, 1917, and January 1, 1918, included 28,757 barrels of beer which had a cost of $102,144.86.

The Commissioner determined deficiencies of $18,767.29 for 1918 and $8,162.07 for 1919.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: This appeal was submitted on a stipulation which we have fully set forth in our findings. No other evidence was submitted, except the returns for 1918, 1919, and 1920, and certain letters from the Bureau of Internal Revenue. The taxpayer withdrew all questions except that of December 31, 1917, inventory. In its brief the taxpayer claims that the Commissioner determined the inventory at the close of 1918 and 1919 by a different method from that applied for 1917, viz, by determining the cost per barrel of the inventory after deducting the barrels lost by leakage and consumption on the premises from the total produced during the year and dividing the total cost of production by the resultant to ascertain the cost per barrel.

Obviously, the same method should be applied as to each closing inventory, but what was in fact done by the Commissioner we are unable to determine from the record before us.

With reference to the December 31, 1917, inventory we merely know that the total cost of production for all beer manufactured

during the year was $323,193.50 and that 90,980 barrels were produced.

Four thousand five hundred and sixty-nine and twelve twenty-fourths barrels were either given away or were lost by leakage, etc. The argument of the taxpayer is, in effect, that, because it gave away beer upon its premises and lost a quantity through leakage, the cost of other beer which it sold was thereby increased. In a sense this is true, but in any event the disappearance of some 4,500 barrels from sales and closing inventory did not constitute a manufacturing cost. It savors rather of loss or expense which would reduce the income of the taxable year rather than increase the inventory cost of what remained unsold at the end of the year.